**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ROBERT CURTIS VAN NESS,**

        **Petitioner,**

   **v.**                                **9:08-CV-0361
                                        (GLS)**

**DAVID ROCK,**

        **Respondent.**

---

**APPEARANCES:**                      **OF COUNSEL:**

ROBERT CURTIS VAN NESS
06-A-1681
Petitioner *Pro Se*
Green Haven Correctional Facility[1]
P.O. Box 4000
Stormville, NY 12582

**GARY L. SHARPE
Senior United States District Judge**

## MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

Petitioner Robert Curtis Van Ness filed a letter with exhibits, dated

February 8, 2016, in which he argues there is new evidence in his case and

---

[1] The court has learned that petitioner may have been transferred to Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562-5442. *See* N.Y.S. Dep't of Corr. & Cmty. Supervision (DOCCS) Inmate Population Info. Search, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited Feb. 22, 2016). The court has not received a formal notice of change of address from petitioner, as required by Local Rule 10.1(c)(2). Therefore, in an abundance of caution, the court directs the clerk to mail a copy of this order to petitioner at both addresses.

asks the Court to "give [him] another shot." (Dkt. No. 27 at 3[2]; Dkt. No. 27, Attach. 1.) For the reasons that follow, the Court will liberally construe petitioner's submission as a successive petition for a writ of habeas corpus, and will transfer it to the United States Court of Appeals for the Second Circuit.[3]

## II. DISCUSSION

### A. Petitioner's prior habeas petition

In April 2008, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged a 2006 judgment of conviction in the Saratoga County Court of first degree rape and related charges. (*See* Pet., Dkt. No. 1.) He argued that: the petit jury that convicted him was unconstitutionally impaneled (Ground One); evidence used against him at his trial was obtained in violation of his rights under the Fourth Amendment to the United States Constitution (Ground Two); and although the prosecutor claimed that he was in possession of forensic evidence that incriminated petitioner, no such evidence was presented at trial (Ground Three). (*Id.* at 4-5.)

---

[2] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

[3] Ordinarily, to commence a habeas corpus action, a petitioner must pay the Court's filing fee ($5.00) or submit an IFP Application that is certified or signed by an appropriate prison official with regard to the balance, and average balance, in any account in petitioner's name at his or her facility. *See* Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules"). Petitioner's papers cite to, and were docketed as part of, his prior habeas action in this court. (Dkt. No. 27 at 1 (referencing *Van Ness v. Rock*, 9:08-CV-0361 (GLS)).) Petitioner was granted IFP status in the prior case, and his IFP status was never revoked.

2

In his third ground for relief, petitioner also claimed that a nurse lied when she apparently testified at trial that she performed a vaginal examination of the victim. (*Id.* at 5.)

On June 29, 2009, this court denied and dismissed the petition, finding that Grounds One and Two were procedurally defaulted, and that the state court's decision rejecting the claims raised in Ground Three was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. (Dkt. No. 22 at 9-18; Dkt. No. 23.) Petitioner did not appeal.

Petitioner moved the United States Court of Appeals for the Second Circuit for a order permitting him to file a successive petition. In a mandate issued on October 6, 2010, his request was denied because his claims "were raised in his prior § 2254 petition," and "to the extent that any of Petitioner's claims are new, they do not rely on a new rule of constitutional law or newly discovered evidence under 28 U.S.C. § 2244(b)(2)." (Dkt. No. 26 at 1.)

**B.    Petitioner's current submission**

Petitioner states that his attorney refused to give him the trial transcripts in his case, and he did not receive them until December 9, 2009. (Dkt. No. 27 at 1.) He claims that counsel "hid" the transcripts on direct appeal, and that a state court judge "refused to act" on evidence establishing that petitioner is

3

innocent. *Id.* Petitioner further explains that he filed a state court writ of habeas corpus based on "witness perjury," prosecutor misconduct, "evidence tampering, fraud and criminal acts." (*Id.*; Dkt. No. 27, Attach. 1 at 4-8.) That petition was denied in October 2009. (Dkt. No. 27 at 2; Dkt. No. 27-1 at 2-3.)

Petitioner claims that a nurse lied about taking a swab of the victim's thigh, which was not part of the rape kit inventory, and the prosecutor claimed petitioner's DNA was found on underwear, but hospital and sheriff's department records show no underwear was collected as evidence. (Dkt. No. 27 at 2-3.) Petitioner asks the court to "give [him] another shot" based upon the "truth" in his papers. (*Id.* at 3.) For a complete statement of petitioner's arguments, reference is made to his submissions.

## C. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. It requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. §§ 2244(b)(1)-(3); *see* Rule 9 of the Habeas Rules ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing

the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); *see also* N.D.N.Y. L.R. 72.4 (c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application."). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003).

Petitioner's submission is an attack on his underlying Saratoga County conviction based on what he characterizes as "new" evidence. (Dkt. No. 27.) The Court therefore liberally construes it as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).[4] The petition is successive because petitioner is again challenging the same judgment of conviction that he challenged in his

---

[4] A filing may not be converted into a *first* section 2254 petition without notifying the petitioner of the district court's intent to convert the petition, and giving him or her an opportunity to consent to the conversion or to withdraw the petition rather than having it converted. *See Castro v. United States*, 540 U.S. 375, 383 (2003). As noted, petitioner already litigated his first section 2254 petition, making any subsequent petition subject to the restrictions on successive filings. *See Palmer v. Phillips*, No. 05 Civ. 9894, 2007 WL 60419, at *2 (S.D.N.Y. Jan. 8, 2007) ("Because this is not [the] [p]etitioner's first § 2254 petition, he has already triggered any applicable 'second or successive' bar, and so consideration under § 2254 will add no further adverse consequences for any future petition.") (citing *Castro*, 540 U.S. at 383).

5

original habeas petition, which was denied and dismissed in 2009. (Dkt. No. 22.) Ordinarily, when a district court is presented with a second or successive habeas petition, the appropriate procedure is for the district court to transfer the case to the Circuit pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) regarding whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *See Torres*, 316 F.3d at 151-52. The court is skeptical that the Second Circuit will authorize petitioner to file his successive petition, but in light of his *pro se* status, the court transfers the petition for review.

Finally, the exhibits contain information that identifies the victim of a sexual assault in violation of N.D.N.Y. L.R. 8.1(6). The Clerk is therefore directed to restrict viewing of the exhibits to court users and case participants only.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk restrict viewing of the exhibits (Dkt. No. 27, Attach. 1) to court users and case participants only; and it is

**ORDERED** that because this action is construed as a second or successive habeas petition, the Clerk is directed to open a new case, and to file

petitioner's submission with exhibits in the new case; and it is

**ORDERED** that the Clerk transfer the new case to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) regarding whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

February 22, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge